IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JORGE SUAREZ GALLARDO,       §
                            §
        Movant,             §
                            §
V.                          §    NO. 3:24-CV-1679-X
                            §    (NO. 3:21-CR-284-X)
UNITED STATES OF AMERICA,    §
                            §
        Respondent.         §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion filed by Jorge Suarez Gallardo under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.    BACKGROUND

On May 20, 2021, Gallardo was named in a sealed complaint, CR ECF No.[1] 1, and on May 21, 2021, Mario Herrera was appointed to represent him at initial appearance. CR ECF Nos. 3, 5. On June 17, 2021, Gallardo was named in a two-count indictment charging him in each count with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). CR ECF No. 12. Gallardo filed a motion to terminate Herrera, CR ECF No. 14, which he later amended. CR ECF No. 17. The Court heard the motion, CR ECF No. 19, and substituted Tim Menchu as counsel for Gallardo. CR ECF Nos. 20 & 21. On September 21, 2021, Gallardo appeared for arraignment with Menchu as counsel and

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:21-CR-284-X.

entered a plea of not guilty. CR ECF No. 23. Thereafter, Gallardo again filed a motion to remove his appointed counsel. CR ECF No. 29. The Court appointed Carolyn Hill as counsel for Gallardo in the place of Menchu. CR ECF Nos. 33 & 34. Approximately six weeks later, Gallardo entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by Count One of the indictment and the government agreed not to bring any additional charges against him based upon the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 40. The plea agreement further set forth: the rights of Gallardo; the maximum penalties that could be imposed; the Court's sentencing discretion; Gallardo's understanding that no one could predict with certainty the sentence that would be imposed; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Gallardo waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; that Gallardo had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his legal representation; and that the document set forth the entirety of the agreement. *Id.* Gallardo also signed a factual resume that set forth the elements of the offense charged in Count One of the indictment and the stipulated facts establishing that Gallardo had committed the offense. CR ECF No. 42.

On May 31, 2022, Gallardo appeared in open court for rearraignment and testified under oath that: he understood the rights he was giving up by pleading guilty; he understood that he could not rely on any assurance by anyone, including his attorney, as to what the sentence would be; he was able to understand the proceedings as they were being translated for him; he could read, write, and understand about 60% of the English language; he required a lot of time and had had enough time to talk to counsel about his case and was satisfied with counsel's representation of him; he

and counsel had discussed how the guidelines might apply and he understood that the sentence imposed might be different from any estimate he had received; he had reviewed the indictment with counsel and understood the charges against him; he understood the essential elements of Count One of the indictment and committed each one; he reviewed the factual resume with counsel and understood it before he signed it; the stipulated facts in the factual resume were true and correct; he understood the penalties he faced; everything he agreed to was set forth in the plea agreement; he signed all of the plea papers and understood the terms; he voluntarily entered into the plea agreement; he had discussed with counsel and understood that he was waiving his right to appeal as set forth in the plea agreement; no one made any promises in exchange for the plea; and, he was pleading guilty because he wanted to do so. CR ECF No. 71. He complained at the hearing that he had had three attorneys and had not "been able to receive my discovery." *Id.* at 16. Hill clarified that she had spent many, many hours reviewing paperwork "as well as all the discovery" but that she could not physically give Gallardo copies because she was not allowed to do that. *Id.* at 17.

The probation officer prepared the presentence report ("PSR"), which reflected that Gallardo's base offense level was 34 (since he received an adjustment for mitigating role). CR ECF No. 49-1, ¶ 20. He received a two-level decrease for minor role, *id.* ¶ 23, and a two-level and one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 27, 28. Based on a total offense level of 29 and a criminal history category of III, his guideline imprisonment range was 108 to 135 months. *Id.* ¶ 64. Both Gallardo and the government filed objections to the PSR. CR ECF Nos. 51, 52. The probation officer prepared an addendum to the PSR, determining that Gallardo was not entitled to an adjustment for minor role and that he should receive an increase for importation of

3

the methamphetamine. CR ECF No. 54-1. Based on a total offense level of 37 and a criminal history category of III, Gallardo's guideline range was 262 to 327 months; however the statutorily authorized maximum sentence was 20 years, so the guideline range became 240 months. *Id.*

The Court sentenced Gallardo to a term of imprisonment of 240 months. CR ECF No. 61. He appealed, CR ECF No. 63, despite having waived the right to do so. CR ECF No. 40, ¶ 12. His counsel filed a motion for leave to withdraw, CR ECF No. 64, and was allowed to do so. CR ECF No. 67. The attorney appointed to represent Gallardo on appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The United States Court of Appeals for the Fifth Circuit concurred with counsel that the appeal presented no nonfrivolous issue for review and dismissed it. *United States v. Gallardo*, No. 22-11020, 2023 WL 4351235 (5th Cir. July 5, 2023).

## II.    GROUNDS OF THE MOTION

Gallardo timely filed his motion, ECF No.[2] 3, and a brief in support, ECF No. 4. Gallardo later filed an additional brief in support of his motion, ECF No. 15, to which the government does not object. ECF No. 22 at 2. Gallardo raises a plethora of issues, primarily concerning alleged ineffective assistance of counsel.

## III.    APPLICABLE LEGAL STANDARDS

### A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011),

and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

In his first ground, Gallardo alleges that his sentence is invalid due to changes in the law and amendments to the United States Sentencing Guidelines. ECF No. 3 at 4.[3] The ground is not properly brought in a § 2255 motion. 28 U.S.C. § 2255(a). Modification of an imposed term of imprisonment is governed by 18 U.S.C. § 3582(c). In any event, the allegations are so conclusory that they are insufficient to raise a constitutional issue for review.[4] *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (even under the rule of liberal construction conclusory allegations are insufficient to support relief).

In his second ground, Gallardo alleges a violation of his right to a speedy indictment. ECF No. 3 at 5; ECF No. 4 at 1; ECF No. 15 at 4–6. In support, he alleges that he was arrested on May 18, 2021, "but did not receive formal notice of the indictment until September 9, 2021—over 114

---

[3] The page number references to the motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system and are used because the typewritten page numbers on the form motion are not the actual page numbers.

[4] For example, Gallardo says that he was sentenced "based on a criminal history category that is no longer in effect" and that his sentence was "influenced by certain enhancements and calculations under the USSG that have since been modified or repealed" but he fails to identify any of them. ECF No. 4 at 1.

days later." ECF No. 15 at 5. The record reflects that Gallardo was arrested on May 20, 2021, CR ECF No. 3, following the filing on that date of a criminal complaint alleging possession with intent to distribute a substance and mixture containing a detectable amount of methamphetamine. CR ECF No. 1. He made his initial appearance on May 21, 2021. CR ECF No. 3. Gallardo made a knowing and voluntary waiver of his right to a detention hearing and was ordered detained pending further proceedings. CR ECF Nos. 8 & 10. He also made a knowing and voluntary waiver of his right to a preliminary hearing. CR ECF No. 9. The indictment was returned June 17, 2021, referencing the same two incidents described in the criminal complaint. CR ECF No. 12. Thus, contrary to Gallardo's allegation, the indictment was timely. 18 U.S.C. § 3161(b).

Gallardo alleges that he did not learn of the indictment until September 9, 2021, apparently at the hearing on his motion to remove appointed counsel. ECF No. 15 at 5. Even if true, however, Gallardo waived any complaint by his guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). (For the reasons discussed, *infra*, the guilty plea was knowing, voluntary, and intelligent.)

In his third ground, Gallardo alleges that he received ineffective assistance of counsel from Mario Herrera in three respects. ECF No. 3 at 7; ECF No. 4 at 2. In his amended brief, he expands the allegation to include attorneys Menchu and Hill. ECF No. 15 at 6–8. All of the allegations are conclusory and fail to demonstrate any prejudice. For example, Gallardo alleges that Herrera failed to communicate with him and pressured him to accept a plea deal. He alleges that Menchu failed to provide discovery and threatened him with a harsher sentence if he did not sign the plea. But Gallardo did not sign a plea deal while represented by either of these attorneys. He has not shown, and cannot show, harm as a result of their alleged actions. As for Hill, Gallardo alleges that she

7

failed to investigate the charges and did not challenge the discrepancies between the indictment and the actual substance for which he was sentenced. ECF No. 15 at 8. (This is also the subject of the fourth ground, although Gallardo does not identify a particular attorney. ECF No. 3 at 8; ECF No. 4 at 2; ECF No. 15 at 8–10. He also makes this allegation in his fifteenth ground. ECF No. 4 at 8, which is set forth as his sixteenth ground in his amended brief. ECF No. 15 at 23–24.) One who alleges failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Gallardo fails to provide such specificity. Moreover, Hill did object to the use of methamphetamine (actual) instead of methamphetamine mixture and argued that a downward variance was necessary to avoid sentencing disparity. CR ECF No. 51. That she did not prevail does not mean that Gallardo received ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). And, to the extent Gallardo alleges breach of the plea agreement, the document does not contain any agreement regarding the type of methamphetamine for which he would be sentenced. CR ECF No. 40. At rearraignment, Gallardo testified under oath that he understood that the Court would not be bound by the stipulated facts and could consider facts that he did not agree to. CR ECF No. 71 at 9–11.

In his fifth ground, Gallardo alleges that he received ineffective assistance of counsel because Menchu filed an unopposed motion to continue the trial without informing Gallardo and obtaining his consent. He alleges that this constitutes a violation of his right to a speedy trial. ECF No. 4 at 2; ECF No. 15 at 10–11. Again, by his guilty plea, Gallardo waived alleged nonjurisdictional errors such as this. *Cavitt*, 550 F.3d at 441; *United States v. Bell*, 966 F.2d 914,

8

915 (5th Cir. 1992) (speedy trial violation is a nonjurisdictional defect). And, in any event, counsel does not have to consult the defendant about filing a motion for continuance; failing to do so is not a violation of the Speedy Trial Act. *United States v. Robinson*, 67 F.4th 742, 749–50 (5th Cir. 2023).

In his sixth ground, Gallardo alleges that he was denied access to discovery material. He also references *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 4 at 2; ECF No. 15 at 12–13. His allegations are wholly conclusory and fail to raise a constitutional issue. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Guerrero v. United States*, No. SA-20-CV-1181-XR, 2021 WL 1146006, at *3 (W.D. Tex. Mar. 24, 2021) (allegation of failure to disclose full discovery is insufficient).

In his seventh ground, he alleges that Menchu coerced him into signing a plea agreement under false pretenses. ECF No. 4 at 2; ECF No. 15 at 13–14. As noted, Menchu did not represent Gallardo when he entered into the plea agreement.

In his ninth ground, Gallardo alleges that counsel rendered ineffective assistance in failing to challenge the classification of his prior offenses and that, had such challenge been made, he would have been eligible for zero criminal history points. ECF No. 4 at 3; ECF No. 15 at 15–16. His allegations are wholly conclusory except for his quotation from the sentencing transcript which reflects that Hill did object to his criminal history score by asking that his 2014 convictions for unlawful possession of a controlled substance and DWI be counted once because both arose out of the same arrest. CR ECF No. 72 at 17. She also argued that he should qualify for the safety valve. *Id.* at 16–17. The Court heard from the government and allowed Hill to reply before denying the request. *Id.* at 17–30. That counsel did not prevail does not mean that she rendered ineffective assistance. *Youngblood*, 696 F.2d at 410.

In his tenth ground, Gallardo complains that Hill did not consult with him in the days leading up to sentencing, leaving him unprepared. ECF No. 4 at 3; ECF No. 15 at 16–17. His allegation appears to be based on a misunderstanding of the sentencing transcript. ECF No. 15 at 17 (quoting and incorrectly citing CR ECF No. 72 at 16, lines 3–9). Rather than admitting lack of communication and preparation, Hill explained to the Court the sequence of events regarding disclosure of the PSR and the government's objections that led to a recalculation of the guideline range in the addendum and the unfairness to Gallardo of the last-minute change. She felt bamboozled since she had explained to Gallardo the sentencing range in the PSR and had to go back two weeks later to explain that the addendum provided an eight-point increase and 360-degree change in guideline range. CR ECF No. 72 at 36–39. The Court acknowledged the seeming unfairness of the situation but noted that most often it was objections from the defendant that caused a late change to the guideline range and that the goal was to reach the right outcome at the end of the day. For that reason, the Court allowed late objections made at sentencing and would consider whatever arguments were presented. *Id.* at 39–42. There is simply no support for this ground. Nor is there any support for the eleventh ground in which Gallardo makes the conclusory allegation that he was inadequately represented at sentencing. ECF No. 4 at 3; ECF No. 15 at 18–19. His only specific reference is to the sentencing transcript where the Court extends the common courtesy of allowing Hill an opportunity to confer with Gallardo in private at any point if necessary. CR ECF No. 72 at 6.

In his twelfth ground, Gallardo alleges that his attorneys failed to file "necessary" pretrial motions. ECF No. 4 at 3–4; ECF No. 15 at 19–20. He cites to *Kimmelman v. Morrison*, 477 U.S. 365 (1986), but fails to describe any unlawfully obtained evidence. ECF No. 15 at 19. To establish

ineffective assistance based on a Fourth Amendment claim a movant must show that a meritorious motion to suppress could have been filed and that it would have affected the outcome. *Kimmelman*, 477 U.S. at 375. Gallardo has not shown that such a motion could have been filed or that he was prejudiced as a result of the failure to file one. *See United States v. Kayode*, 777 F.3d 719, 724 (5th Cir. 2014) (movant must affirmatively prove prejudice).

In his thirteenth ground, Gallardo alleges that his right to review evidence before entering into his plea was denied, "violating his right to information and due process." ECF No. 4 at 4. In his amended brief, he alleges that his plea was not knowing or voluntary. ECF No. 15 at 20–21. In his eighth ground, Gallardo alleges that Hill misrepresented the plea agreement terms, assuring him that he would not receive more than 12 years' imprisonment and that he would receive a minor role adjustment. ECF No. 4 at 3; ECF No. 15 at 14–15. In his sixteenth ground, he alleges that he received misleading advice from Hill, who assured him that he would receive a sentence of not more than 12 years by entering into the plea agreement[5] and that he would be found guilty if he went to trial and would receive a sentence of 20 years[6] or more.[7] ECF No. 4 at 4. (This argument is set forth as his fifteenth ground in the amended brief. ECF No. 15 at 22–23.) To the extent that

---

[5] To receive habeas relief on the basis of a promise, a defendant must "prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise." *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989) (quoting *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987)). Gallardo has made no attempt to meet this burden.

[6] Counsel's stern warnings about chances of success at trial and potential prison time do not compromise voluntariness of a plea. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002).

[7] In this regard, Gallardo again seems to be confused. The sentencing transcript does not include the sentence he quotes. ECF No. 15 at 22 (citing CR ECF No. 72 at 10). Rather, at sentencing, counsel explained that under the PSR, Gallardo was at "level 29, for a penalty of 108 months to 135," whereas under the addendum he was "up to level 37." CR ECF No. 72 at 37. This had nothing to do with her advice to plead guilty. Moreover, as a result of the guilty plea, Gallardo only faced a sentence of 20 years rather than 40 years as would have been the case had he been convicted on both counts of the indictment. *Id.* at 42.

Gallardo contends (in these grounds or any others) that his plea was not knowing, voluntary, and intelligent, this contention is belied by the record.

The plea agreement he signed stated that Gallardo understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties he faced (including a term of imprisonment for a period not to exceed 20 years); it included his recognition that his sentence would be wholly within the Court's discretion and that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that he waived his right to appeal except in certain limited circumstances; and it concluded with the statement that he had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No. 40. The document is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Gallardo's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, CR ECF No. 71, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Gallardo has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Gallardo could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The contemporaneous evidence reflects his intent to enter a plea of guilty. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts

should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.") Specifically, Gallardo's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

Finally, in ground fourteen, Gallardo alleges that language translation issues during sentencing impeded his understanding of the proceedings. ECF No. 4 at 4; ECF No. 15 at 21–22. First, this ground is wholly unsupported. At no time during rearraignment or sentencing did Gallardo complain that he was unable to understand the proceedings. CR ECF Nos. 71, 72. At rearraignment, he testified that he was able to understand the proceedings as they were being translated for him by the interpreter. CR ECF No. 71 at 12. At sentencing, Gallardo again used the services of an interpreter. At allocution, he gave no indication that he did not understand the proceedings. CR ECF No. 72 at 50–52. He stated that he understood the terms of supervised release. *Id.* at 55. Second, even if there was some merit to this ground, and there is not, it should have been raised on appeal and cannot be pursued here. Third, it was waived by the appellate waiver in the plea agreement. CR ECF No. 40, ¶ 12. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (informed and voluntary waiver of appeal and collateral relief is enforceable).

## V.　CONCLUSION

For the reasons discussed herein, the Court **DENIES** Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 1st **day** of **May, 2026**.

BRANTLEY STARR
UNITED STATED DISTRICT JUDGE

14